IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No.  05-cv-02051-WDM-BNB

CHRISTOPHER LEE ORLOSKI,

Plaintiff,

v.

COLORADO DEPARTMENT OF PUBLIC SAFETY,

Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on **Defendant's Motion to Dismiss** [Doc. #4, filed 11/03/05] (the "Motion").  I respectfully RECOMMEND that the Motion be GRANTED and that the Complaint be dismissed for lack of subject matter jurisdiction.

## I.  STANDARD OF REVIEW

The plaintiff is proceeding *pro se*.  I must liberally construe the pleadings of a *pro se* plaintiff.  Haines v. Kerner, 104 U.S. 519, 520-21 (1972).  Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject
> matter jurisdiction take two forms. First, a facial attack on the
> complaint's allegations as to subject matter jurisdiction questions
> the sufficiency of the complaint.  In reviewing a facial attack on the

>complaint, a district court must accept the allegations in the complaint as true.
>
>Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
>However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

## II. BACKGROUND

The plaintiff filed his Complaint and Jury Trial Demand (the "Complaint") on October 18, 2005. The Complaint alleges discrimination in violation of the Americans with Disabilities Act ("ADA").

The defendant asserts that, as an agency of the state, the plaintiff's claims against it are barred by Eleventh Amendment immunity. This is a facial challenge to the Complaint's allegations. Therefore, I accept the allegations of the Complaint as true. Holt, 46 F.3d at 1003.

## III. ANALYSIS

The Eleventh Amendment bars suits in federal courts against unconsenting states by the state's own citizens and by citizens of another state. Port Auth. Trans-Hudson Corp. v. Feeney,

495 U.S. 299, 304 (1990). Eleventh Amendment immunity "constitutes a bar to the exercise of federal subject matter jurisdiction." Fent v. Okla. Water Res. Bd., 235 F.3d 553, 559 (10th Cir. 2000) (emphasis omitted).

The Eleventh Amendment precludes federal jurisdiction in suits against a state or state agency either for money damages or for injunctive relief. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984); Ellis v. University of Kansas Medical Center, 163 F.3d 1186, 1196 (10th Cir. 1999).[1] The parties do not dispute that the Colorado Department of Public Safety is a state agency.

The ADA does not abrogate the states' Eleventh Amendment immunity. Board of Trustees of the University of Alabama v. Garrett, 351 U.S. 356, 967-68 (2001). See also Frazier v. Simmons, 254 F.3d 1247, 1252-53 (10th Cir. 2001). Therefore, the plaintiff's suit is barred by Eleventh Amendment immunity.[2]

## IV.  CONCLUSION

I respectfully RECOMMEND that the Motion be GRANTED and that the Complaint be dismissed for lack of subject matter jurisdiction.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file

---

[1] I note that the Eleventh Amendment precludes federal jurisdiction over state officials acting in their official capacities when the relief sought is money damages, Pennhurst, 465 U.S. at 106, and that under Ex parte Young, 209 U.S. 123 (1908), the Eleventh Amendment does not bar a suit against state officials acting in their official capacities for prospective injunctive relief in order to end a continuing violation of federal law. Id. The Ex parte Young exception does not apply in this case because the plaintiff is suing a state agency, not a state official.

[2] Because I find that the plaintiff's Complaint is barred by Eleventh Amendment immunity, I do not address the defendant's remaining argument.

specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); <u>Thomas v. Arn</u>, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  <u>In re Key Energy Resources Inc.</u>, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated July 19, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge